BART M. DAVIS, IDAHO STATE BAR NO. 2696
UNITED STATES ATTORNEY
TRACI J. WHELAN, IDAHO STATE BAR NO. 4416
ASSISTANT UNITED STATES ATTORNEY
DISTRICT OF IDAHO
6450 N. MINERAL DRIVE SUITE 210
COEUR D'ALENE, ID 83815
TELEPHONE: (208) 667-6568
FACSIMILE:  (208) 667-0814

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>SHERLANN SIMON,<br><br>Defendant. | Case No. 2:16-CR-00019-BLW-04<br><br>**UNITED STATES OBJECTION TO MOTION TO TERMINATE SUPERVISED RELEASE** |

The United States of America, by and through Bart M. Davis, United States Attorney, and the undersigned Assistant United States Attorney for the District of Idaho, hereby submits this objection to the Defendant's Motion to Terminate Supervised Release.  *See* ECF 552.

**Procedural History**

The Defendant was part of a family organization which sold drugs and laundered the proceeds.  It was never alleged that she participated in the distribution of controlled substances bur rather that she conspired with her family to launder the money made from said drug sales. She was charged, in one count of a thirteen count indictment, with conspiracy to launder money in violation of 18 U.S.C. § 1956(h).  She pled guilty and was sentenced on June 21, 2017, to 15

UNITED STATES OBJECTION TO MOTION TO TERMINATE
SUPERVISED RELEASE - 1

months imprisonment to be followed by three years of supervised release.  She began her term of

supervised release in August of 2018.  After a few months of supervised release in Las Vegas,

Nevada, she was transferred to the low risk caseload.  She remains on the low risk caseload and

is supervised by Probation Officers Rivera and Mitchell. The Defendant has moved this Court

for an order of early termination from supervised release.  The United States objects to early

termination of her supervised release.

**Argument**

Title 18, United States Code §§ 3564(c) and 3583(e)(1) permits this Court to terminate

terms of supervision in felony cases after the expiration of one year of supervision, if satisfied

that such action is warranted by the conduct of an offender and is in the interest of justice.  The

court "enjoys discretion to consider a wide range of circumstances when determining whether to

grant early termination."  *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014).  "[M]ere

compliance with the terms of supervised release is what is expected, and without more, is

insufficient to justify early termination."  *Emmett*, 749 F.3d at 823 n.2 (quoting *United States v.*

*Grossi*, No. CR-04-40127, 2011 WL 1259251, at *2 (N.D. Cal. Apr. 13, 2012)).

Prior to responding to Defendant's motion for early termination the United States spoke

with her current probation officers in Las Vegas.  They do not support early termination of

supervision.  They informed the United States that the Defendant has been in violation of the

standard condition rule eight - that she not knowingly communicate or interact with a person

convicted of a felony offense without getting permission from the probation officer.  The

Defendant was counseled by probation regarding this violation but continued to have contact and

was romantically involved with the felon.  U.S. Probation agrees she has otherwise been on a

positive path and have so informed her, however they do not believe her compliance qualifies as

substantial compliance as a criterion established by The Guide to Judiciary Policy, Volume 8E,

Chapter 3.

As the Court may recall, the offense the Defendant was involved in was a serious offense.

Although she was never charged with drug distribution, she assisted the organization by

laundering the profits made by said organization.  The Court may further recall, the guideline

range for the offense was 57 to 71 months imprisonment.  After the 5k motion was filed in the

case, the guideline range became 37 to 46 months.  The Defendant was sentenced to 15 months

imprisonment based upon the Court's application of 18 U.S.C. § 3553(a) factors.  The Court's

analysis as to why a substantially lesser sentence was appropriate was not challenged by the

Defendant or the United States.  The Court's same analysis as to why 36 months of supervised

release was appropriate, rather than the sixteen months she has served, was likewise sound.

The Defendant has substantially complied with the terms of supervised release but that is

what is expected.  Her compliance is not a basis for early termination.  Based upon the totality of

circumstances, including her probation officers' objection and the Court's reasoning for the

original sentence, the United States respectfully request the motion be denied.

Respectfully submitted this 7th day of January, 2020.

BART M. DAVIS
UNITED STATES ATTORNEY
By:


*s/ Traci J. Whelan*
TRACI J. WHELAN
Assistant United States Attorney


UNITED STATES OBJECTION TO MOTION TO TERMINATE
SUPERVISED RELEASE - 3

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 7, 2020, the foregoing **UNITED STATES OBJECTION TO MOTION TO TERMINATE SUPERVISED RELEASE** was electronically filed with the Clerk of the Court using the CM/ECF system, and that a copy was served on the following parties or counsel by:

| Sherlann Simon | United States Mail, postage prepaid |
| --- | --- |

_s/ Carin Crimp_
Legal Assistant

UNITED STATES OBJECTION TO MOTION TO TERMINATE
SUPERVISED RELEASE - 4