UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| UNITED STATES OF AMERICA, | Case No. 2:16-cr-00019-BLW |
|---|---|
| Plaintiff, | **MEMORANDUM DECISION AND ORDER** |
| v. | |
| SHERLANN SIMON, | |
| Defendant. | |

# INTRODUCTION

Before the Court is Defendant Sherlann Simon's Motion to Terminate Supervised Release (Dkt. 552). Having reviewed the Motion, the Government's Response (Dkt. 553), and Defendant's Reply (Dkt. 554), the Court now issues its decision. For the reasons explained below the Court will deny the Motion.

# BACKGROUND

Defendant pled guilty to one count of Conspiracy to Launder Money in violation of 18 U.S.C. § 1956(h) stemming from her involvement in a family organization which sold drugs. The guideline range for the offense was 57-71 months imprisonment, but after the 5K1.1 motion based upon her cooperation with the government, the guideline range became 37-46 months. The Court sentenced Simon to 15 months of imprisonment followed by 36 months of supervised release.

After serving 16 months under supervised release, Defendant Simon filed this motion seeking early termination from supervised release.

## LEGAL STANDARD

The Court has broad discretion to impose terms of supervised release. *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014); 18 U.S.C. § 3583(e)(1). This includes the discretion to terminate such release after Defendant has served one year of their supervised release. *Id*. In deciding whether to terminate supervision, the courts must review a number of sentencing factors which include:

> 1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) deterrence; (3) protection of the public; (4) the need to provide the defendant with educational, vocational training, medical care or other rehabilitation; (5) the sentence and sentencing range established for the category of defendant; (6) any pertinent policy statement by the Sentencing Commission; (7) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (8) the need to provide restitution to any victims of the offense. *See* 18 U.S.C. §§ 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a) (5), (a)(6), and (a)(7).

*United States v. Evertson*, No. 4:06-cr-206-BLW, 2011 WL 841056, at *2 (D. Idaho Mar. 7, 2011) (citing *United States v. Smith,* 219 Fed. Appx. 666, 667 n.3 (9th Cir. 2007)). However, in rendering its decision the Court shall simply provide

an explanation based on its consideration of such factors. *Emmett*, 749 F.3d 817, at 821-22. The Court need not elaborate unnecessarily. *Id*.

## ANALYSIS

Defendant Simon makes it clear that she feels supervised release is no longer required. She claims that she is of low risk to re-offend and that terminating her supervised release "reduces [her] likelihood to recidivate." *Brief in Support of Motion to Terminate Supervised Release*, p. 9. The Court does not agree. It is particularly troublesome to the Court that Ms. Simon violated her supervised release by knowingly communicating or interacting with a convicted felon without prior permission. *United States' Objection*, Dkt. 553, at 2. Due to this, her probation officers do not support early termination. *Id*. The purpose of the supervised release is to facilitate an environment of rehabilitation in a structured system. Violations, however viewed, do not support this goal. Accordingly, the Court cannot view Ms. Simon's actions as substantially compliant.

That is not to say the Court doesn't recognize Ms. Simon's efforts to continue on a positive path. Her steady employment and educational goals are very positive, and the Court is supportive of her aspirations to help others to live constructive lives after incarceration.

But in the eyes of the Court, these efforts are expected of Ms. Simon. "[M]ere compliance with the terms of supervised release is what is expected, and

without more, is insufficient to justify early termination." *Emmett*, 749 F.3d at 823 n.2 (quoting *United States v. Grossi*, No. CR-04-40127, 2011 WL 1259251, at *2 (N.D. Cal. Apr. 13, 2012)). Additionally, it is appropriate to note that Ms. Simon was sentenced to 15 months in prison when her sentencing range was 37-46 months. The Court found her sentence proper with 36 months of supervised release. After considering the relevant sentencing factors and the parties' briefing, the Court will deny the Motion to Terminate Supervised Release at this time.

## ORDER

**IT IS ORDERED that** Defendant's Motion to Terminate Supervised Release (Dkt. 552) is **DENIED**.

DATED: February 3, 2020

_____
B. Lynn Winmill
U.S. District Court Judge