UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SHERLANN SIMON,<br><br>Defendant. | Case No. 2:16-cr-00019-BLW-4<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is Defendant Sherlann Simon's Second Motion to Terminate Supervised Release (Dkt. 558). Having reviewed the Motion and the Government's Response (Dkt. 559), the Court now issues its decision. For the reasons explained below the Court will deny the Motion.

## BACKGROUND

Defendant pled guilty to one count of Conspiracy to Launder Money in violation of 18 U.S.C. § 1956(h) stemming from her involvement in a family organization which sold drugs. The guideline range for the offense was 57-71 months imprisonment, but after the 5K1.1 motion based upon her cooperation with the government, the guideline range became 37-46 months. The Court sentenced

Simon to 15 months of imprisonment followed by 36 months of supervised release. After serving 16 months under supervised release, Defendant Simon filed a motion seeking early termination from supervised release. In February of 2020, this Court issued a Memorandum Decision and Order denying early release (Dkt. 556). Six months later, Simon again moves this Court for early termination of supervised release (Dkt 558). For much the same reasons as the initial denial, explained below, the Court now denies Simon's second motion for early termination of supervised release.

## LEGAL STANDARD

The Court has broad discretion to impose terms of supervised release. *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014); 18 U.S.C. § 3583(e)(1). This includes the discretion to terminate such release after Defendant has served one year of their supervised release. *Id.* In deciding whether to terminate supervision, the courts must review a number of sentencing factors which include:

> 1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) deterrence; (3) protection of the public; (4) the need to provide the defendant with educational, vocational training, medical care or other rehabilitation; (5) the sentence and sentencing range established for the category of defendant; (6) any pertinent policy statement by the Sentencing Commission; (7) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (8) the need to provide restitution to any victims

of the offense. *See* 18 U.S.C. §§ 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a) (5), (a)(6), and (a)(7).

*United States v. Evertson*, No. 4:06-cr-206-BLW, 2011 WL 841056, at *2 (D. Idaho Mar. 7, 2011) (citing *United States v. Smith*, 219 Fed. Appx. 666, 667 n.3 (9th Cir.2007)). However, in rendering its decision the Court shall simply provide an explanation based on its consideration of such factors. *Emmett*, 749 F.3d 817, at 821-22. The Court need not elaborate unnecessarily. *Id.*

## ANALYSIS

Defendant Simon asserts that her compliance with the terms of supervision demonstrates that continued supervision is no longer warranted and further asserts that the Court committed legal error by considering the seriousness of the offense in denying her first motion. *Brief in Sup. of Mot. to Terminate Supervised Release* at 6-7, Dkt. 558. The Court does not agree.

As previously stated by this Court, "mere compliance with the terms of supervised release is what is expected, and without more, is insufficient to justify early termination." *Emmett*, 749 F.3d at 823 n.2 (quoting *United States v. Grossi*, No. CR-04-40127, 2011 WL 1259251, at *2 (N.D. Cal. Apr. 13, 2012)). The Court commends Ms. Simon's efforts to continue on a positive path following her violation of supervised release. However, even with the additional time elapsed,

this violation cannot be overlooked. The Court acknowledges Ms. Simon's well pled policy arguments, but ultimately must adhere to the standards set forth in *Emmett* and 18 U.S.C. § 3583(e)(1). The Court reiterates that Ms. Simon was sentenced to 15 months in prison when her sentencing range was 37-46 months. The Court found this sentence proper—specifically accompanied by 36 months of supervised release.

Further, the Court did not err in the legal standard it used in denying the first motion for early termination. It is not only appropriate, but mandated, that the Court consider the nature and circumstances of the offense in deciding the motion for early termination. *See United States v. Henry*, No. 11CR7032-H, 2020 WL 4281966, at \*2 (S.D. Cal. June 23, 2020) (citing *Emmett*, 749 F.3d at 819). The totality of the circumstances, including the 18 U.S.C. § 3583(e)(1) factors, weigh against the risk of early termination.

Accordingly, the Court will deny the Ms. Simon's Second Motion to Terminate Supervised Release.

## ORDER

**IT IS ORDERED that** Defendant's Second Motion to Terminate Supervised Release (Dkt. 558) is **DENIED**.

DATED: February 1, 2021

B. Lynn Winmill
U.S. District Court Judge